# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GREGORY L. HARRIS,            )
                              )
      Petitioner,             )  3:12-cv-00042-LRH-WGC
                              )
vs.                           )  **ORDER**
                              )
                              )
ROBERT LEGARNDE, *et al.,*    )
                              )
      Respondents.            )
_____/

        Petitioner Gregory L. Harris has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF # 1-1) and paid the filing fee (ECF #4).

        Petitioner has also submitted a motion for the appointment of counsel (ECF #1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition on file in this action appears sufficiently clear in presenting the issues that petitioner wishes to raise. Counsel is not justified at this time.

        Next, it appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

According to the habeas petition, petitioner was convicted on October 23, 2002. Petitioner filed a direct appeal, which apparently affirmed his conviction on May 5, 2004. He filed a state habeas petition on June 20, 2011. He attaches the Nevada Supreme Court's affirmance of the denial of the state petition on January 12, 2012 as untimely and therefore procedurally barred (*see* ECF #1-1 at 19). The instant federal habeas petition was filed on January 23, 2012, well beyond the one-year time limitation contained in the statute.

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his right and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that the Clerk shall **DETACH, FILE** and **ELECTRONICALLY SERVE** the petition (ECF #1-1) upon the respondents.

**IT IS FURTHER ORDERED** that the Clerk shall **DETACH** and **FILE** petitioner's motion for appointment of counsel (ECF #1-2).

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the

time period.

**IT IS FURTHER ORDERED** that if petitioner files proof to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period, respondents shall have **twenty (20) days** to file a response to petitioner's proof.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period, the court will enter an order dismissing the petition.

DATED this 2nd day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3