**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

GREGORY L. HARRIS,   )
          Petitioner,   )   3:12-CV-00042-LRH-WGC
          )
vs.   )
          )   **ORDER**
ROBERT LEGARNDE, *et al.,*   )
          Respondents.   )

      Pursuant to the Rules Governing Habeas Cases, Rule 4, the court reviewed this petition for writ of habeas corpus and on March 2, 2012, ordered petitioner to show cause and file such proof he may have to demonstrate that his petition was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period (ECF #5). Petitioner responded (ECF #9), and respondents' filed their response (ECF #10). As discussed below, this petition must be dismissed as untimely.

**I. Procedural History**

      According to his petition, petitioner was convicted in Nevada state court on October 23, 2002 (ECF #6). The Nevada Supreme Court denied his direct appeal on May 5, 2004 (*id.*). Petitioner did not file a post-conviction petition for a writ of habeas corpus in state court until June 20, 2011 (id.). The Nevada Supreme Court affirmed the denial of his state habeas petition as untimely on January 12, 2012 (id.). This federal petition for habeas corpus relief was filed on January 23, 2012 (*see* ECF #1-1).

///
///
///

**II. Legal Analysis**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

In the present case, petitioner failed to file his state habeas petition until about seven years after his direct appeal was denied and then filed this federal habeas petition about eight years after his direct appeal was denied. Thus, petitioner's federal habeas petition was filed far beyond the one-year AEDPA deadline.

The United States Supreme Court has held that the AEDPA's statute of limitations, at 28 U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, petitioner argues that he is entitled to equitable tolling because he is "unlettered and untrained in the proper presentation of legal knowledge." However, "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting

2

equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner has not demonstrated any extraordinary circumstances that stood in his way or made it impossible to file his federal habeas petition in a timely manner. Accordingly, petitioner is not entitled to equitable tolling. Because the federal habeas petition was untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be dismissed.

**III. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that the federal petition for a writ of habeas corpus (ECF #6) is **DISMISSED with prejudice** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

///

///

///

///

3

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED this 18th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE